**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ONDREJ VANICEK,<br><br>          Petitioner,<br><br>     v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>          Respondent. | No. 25-2416<br><br>Agency No.<br>A215-856-146<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 23, 2026**
San Francisco, California

Before: SCHROEDER, CHRISTEN, and FORREST, Circuit Judges.

Petitioner Ondrej Vanicek petitions for review of a decision of the Board of

Immigration Appeals (BIA) dismissing his appeal from an order denying his claims

for asylum, withholding of removal, and protection pursuant to the Convention

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture (CAT). Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

1. An application for asylum must be filed within one year "after the date of the alien's arrival in the United States." 8 U.S.C § 1158(a)(2)(B). The Immigration Judge (IJ) held that Vanicek's application, filed four years after he entered the United States, was time barred. Vanicek failed to appeal this decision to the BIA. In his opening brief before us, moreover, Vanicek did not argue that any exception applies. Thus, the issue is unexhausted, and we decline to reach the merits of his claim for asylum. *See Alanniz v. Barr*, 924 F.3d 1061, 1069 (9th Cir. 2019) (refusing to consider the merits of an argument because the petitioner failed to demonstrate "that the BIA erred in concluding that he had not challenged the IJ's denial of relief").

2. "[T]o establish that a proposed social group is cognizable for purposes of withholding of removal, an applicant must show that the proposed social group [PSG] is '(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)); *see also* 8 U.S.C. § 1231(b)(3)(A). Vanicek did not establish that his proposed PSG of

"individuals who testified against gang members" is socially distinct in Czech society. Vanicek compares his case to our decision in *Henriquez-Rivas v. Holder*, where we reversed the BIA's holding that the PSG of people who had testified against gang members lacked "social visibility." 707 F.3d 1081, 1092 (9th Cir. 2013) (en banc). But Vanicek's case is distinguishable. Unlike in *Henriquez-Rivas*, Vanicek only provided a written statement to the police; he did not testify publicly during a criminal proceeding. *See Conde Quevedo*, 947 F.3d at 1243 (distinguishing *Henriquez-Rivas* to affirm finding of no cognizable PSG where petitioner did not testify publicly); *Matter of H-L-S-A-*, 28 I. & N. Dec. 228, 237–38 (B.I.A. 2021) (similar). Further, in *Henriquez-Rivas*, there was evidence that a law had been enacted specifically to protect witnesses who testified against gang members, which provided support for the finding that Salvadoran society recognized the particular vulnerability of people who publicly testify against gang members. 707 F.3d at 1092. Here, Vanicek failed to present country-specific evidence like "country reports, background documents, or news articles" to "establish that persons who [testified against gang members] are perceived or recognized as a group by society in" the Czech Republic when such testimony is not given publicly. *Conde Quevedo*, 947 F.3d at 1243. Accordingly, we affirm the BIA's conclusion that Vanicek failed to meet his burden of establishing that the PSG of "individuals who testified against gang members" is socially distinct.

3                                                                25-2416

3. Pursuant to regulations implementing the CAT, an applicant must show his torture "is inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Acquiescence to torture requires a government official's "actual knowledge" or "willful blindness" to acts of torture. *Zheng v. Ashcroft*, 332 F.3d 1186, 1194–95 (9th Cir. 2003). Vanicek admitted that he did not report the harassment from Miroslav Korner's gang in 2014 to Czech law enforcement or government officials. Although reporting to the police is not required for relief pursuant to the CAT, *see Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1060 (9th Cir. 2006), nothing in the record compels the conclusion that reporting would have been futile or that the government would acquiesce if the gang attempts to harm him in the future. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (explaining "that a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence").[1]

**PETITION DENIED.**

---

[1] Vanicek's opposed motion to stay removal (Dkt. No. 3) and supplemental motion to stay removal (Dkt. No 9) are DENIED. The temporary stay of removal entered pursuant to General Order 6.4(c) is lifted, effective immediately.